UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
DERRICK COLEY and TURAY COLEY,

                      Plaintiffs,          **AMENDED COMPLAINT**

   -against-

                                                PLAINTIFFS DEMAND
                                                TRIAL BY JURY

THE CITY OF NEW YORK, POLICE OFFICER
OMAR GARIB, SHIELD #3570, DETECTIVE
BRIAN ILUND SHIELD #113, DETECTIVE JAMIE       Case No.: 15-cv-5132
ROSADO SHIELD #5776, SERGEANT BRANDON
BERSCH SHIELD #2946, LIEUTENANT KEVIN
BREEN and POLICE OFFICERS JOHN/JANE
DOE(S) #S 1-10,

                      Defendants.
_____X

Plaintiffs DERRICK COLEY and TURAY COLEY for their amended complaint, by their attorney DAVID A. ZELMAN, ESQ., and upon information and belief respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiffs DERRICK COLEY and TURAY COLEY (hereinafter "Plaintiffs") seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution including due process of law. On or about April 24, 2015, beginning with an illegal search of Plaintiffs' home, Plaintiffs' constitutional rights were violated by employees of the City of New York. As a result of the violation of their constitutional rights, Plaintiffs suffered injuries.

## II. JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides

for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiffs' state law claims.

## III. PARTIES

3. Plaintiffs at all times relevant hereto resided in Kings, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER OMAR GARIB, SHIELD # 3570 (hereinafter "GARIB") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. GARIB is sued in his official and individual capacity.

6. Defendant DETECTIVE BRIAN ILUND SHIELD #113 (hereinafter "ILUND") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. ILUND is sued in his official and individual capacity.

7. Defendant DETECTIVE JAMIE ROSADO SHIELD #5776 (hereinafter "ROSADO") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. ROSADO is sued in his official and individual capacity.

8. Defendant SERGEANT BRANDON BERSCH SHIELD #2946 (hereinafter "BERSCH") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. BERSCH is sued in his official and individual capacity.

9. Defendant LIEUTENANT KEVIN BREEN (hereinafter "BREEN") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. BREEN is sued in his official and individual capacity.

10. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

11. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

12. On or about April 24, 2015, at approximately 9:00 A.M., Plaintiff DERRICK COLEY was in his home at 1933 Union Street, Brooklyn, NY 11233 and Plaintiff TURAY COLEY was in her vehicle just outside of her home at the above address.

3

13. At the above place and time, Plaintiffs' home was raided by plainclothes Defendant Officers who broke down Plaintiffs' front door and entered Plaintiffs' home. In total, there were approximately 8 or 9 officers involved in the raid.

14. Plaintiff DERRICK COLEY was handcuffed and Plaintiffs' home was extensively searched for approximately 30 minutes. No evidence of any crime was found in the home.

15. Plaintiff DERRICK COLEY was transported to the 73rd Precinct where he was held.

16. Plaintiff DERRICK COLEY was then transferred to Kings County Central Booking and was held further.

17. Plaintiff DERRICK COLEY was not charged with any crime and was instructed to leave from Kings County Central Booking.

18. In total, Plaintiff DERRICK COLEY was held for approximately 28 hours.

19. Although Plaintiff DERRICK COLEY was not aware of the specific reasons for his detention at the time of his arrest and detention, discovery in this matter has shown that the Defendants allege that Plaintiff DERRICK COLEY was identified by a victim of a shooting. The victim of the shooting described his assailant as a male, black, 5 feet 11 inches. Plaintiff DERRICK COLEY was logged in the NYPD arrest report as being 5 feet 5 inches.

20. It is specifically contended in this case that probable cause to arrest Plaintiff DERRICK COLEY never developed in this matter and that any alleged identification of Plaintiff DERRICK COLEY was fabricated and/or conducted with a reckless disregard for the truth.

21. Plaintiff DERRICK COLEY specifically denies being involved in a shooting incident on April 17, 2015.

22. That heretofore and on the 14th day of May, 2015, Plaintiffs' Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth Plaintiffs' names, the nature of the claim, the time and place of the incident, the manner in which the claim arose and the items of damage and injuries sustained.

23. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

24. Paragraphs 1 through 23 of this complaint are hereby realleged and incorporated by reference herein.

25. That Defendants had neither valid evidence for the arrest of Plaintiff DERRICK COLEY nor legal cause or excuse to seize and detain them.

26. That in detaining Plaintiff DERRICK COLEY without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiff DERRICK COLEY was but one of those persons.

27. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing

to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

28. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

29. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff DERRICK COLEY's rights alleged herein.

30. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff DERRICK COLEY's rights, subjected Plaintiff DERRICK COLEY to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

31. By reason of the foregoing, Plaintiff DERRICK COLEY suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

32. Paragraphs 1 through 31 are hereby realleged and incorporated by reference herein.

33. That the seizure, detention and imprisonment of Plaintiff DERRICK COLEY was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison them.

34. That Defendants intended to confine Plaintiff DERRICK COLEY.

35. That Plaintiff DERRICK COLEY was conscious of the confinement and did not consent to it.

36. That the confinement was not otherwise privileged.

37. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff DERRICK COLEY's rights, deprived them of their liberty when they subjected them to an unlawful, illegal and excessive detention, in violation of State law.

38. That by reason of the foregoing, Plaintiff DERRICK COLEY suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

39. Paragraphs 1 through 38 are hereby realleged and incorporated by reference herein.

40. That Defendants failed to intervene when Defendants knew or should have known that Plaintiffs' constitutional rights were being violated.

41. That Defendants had a realistic opportunity to intervene on behalf of Plaintiffs, whose constitutional rights were being violated in their presence.

42. That a reasonable person in the Defendants' position would know that Plaintiffs' constitutional rights were being violated.

43. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they failed to intervene to

protect them from Defendants' violation of Plaintiffs' civil rights pursuant to the Fourteenth Amendment of the United States Constitution.

44. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, Plaintiffs were not protected from Defendants' unconstitutional actions.

45. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

46. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiffs' rights alleged herein.

48. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

49. That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

50. Paragraphs 1 through 49 are hereby realleged and incorporated by reference herein.

51. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

52. That at all times Defendants were acting within the scope of their employment.

53. That Defendant CITY was able to exercise control over Defendants activities.

54. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

55. Paragraphs 1 through 54 are hereby realleged and incorporated by reference herein.

56. That Defendants had no legal cause nor excuse to detain Plaintiff DERRICK COLEY for a prolonged period prior to arraignment.

57. That Defendants detained Plaintiff DERRICK COLEY excessively prior to arraignment in violation of Plaintiff DERRICK COLEY's civil rights.

58. That Defendants detained Plaintiff DERRICK COLEY with ill will and/or negligently.

59. That Defendants should have expeditiously investigated this matter and released Plaintiff DERRICK COLEY.

60. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff DERRICK COLEY's rights, deprived Plaintiff DERRICK COLEY of his liberty when it

9

subjected his to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

61. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

62. That upon information and belief, in 2015, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

63. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

64. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

65. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiff DERRICK COLEY's rights alleged herein.

66. That Defendant, through its officers, agents and employees, unlawfully incarcerated Plaintiff DERRICK COLEY for an excessive period of time prior to arraignment.

67. By reason of the foregoing, Plaintiff DERRICK COLEY suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL SEARCH)

68. Paragraphs 1 through 67 are hereby realleged and incorporated by reference herein.

69. That Defendants excessively searched Plaintiffs' person and property. Defendants failed to announce their presence.

70. That Defendants' searches of Plaintiffs' person and property were unlawful in that Defendants did not obtain a search warrant before searching Plaintiffs' person, lacked probable cause to search Plaintiffs' person, and lacked probable cause to arrest Plaintiffs.

71. That upon information and belief, defendant CITY has a policy and/or custom of unlawfully searching persons.

72. By reason of the unlawful search of Plaintiffs' person and property, Defendants, acting in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their privacy and property, in violation of rights secured to them under the Fourth and Fourteenth Amendments of the United States Constitution.

## XI. SEVENTH CAUSE OF ACTION
Pursuant to §1983 (DUE PROCESS VIOLATION/FOURTH AMENDMENT RIGHTS)

73. Paragraphs 1 through 72 of this complaint are hereby realleged and incorporated by reference herein.

74. That Defendants entered Plaintiffs' home forcefully, without a warrant or legal basis to do so.

75. That said forced entry into Plaintiffs' home was made without exigent circumstances.

11

76. That said warrantless entry constituted a search and seizure of Plaintiffs' private property and violated Plaintiffs' rights.

77. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, searched and seized Plaintiffs' personal property without providing due process under the law, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

78. By reason of the foregoing, Plaintiffs suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiffs interest from April 24, 2015;

4. Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
      January 27, 2016

_____
DAVID A. ZELMAN, ESQ.
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072


To:    Evan Brustein, Esq.
       New York City Law Department
       100 Church Street
       New York, NY 10007