UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DERRICK COLEY and TURAY COLEY

                Plaintiffs,                    **REPORT & RECOMMENDATION**
                                       **15 CV 5132 (KAM)(LB)**

    -against-

THE CITY OF NEW YORK, POLICE
OFFICER OMAR GARIB, *Shield #3570*,
DETECTIVE BRIAN ILUND, *Shield #113*,
DETCTIVE JAMIE ROSADO, *Shield #5776*,
SERGEANT BRANDON BERSCH,
*Shield #2946*, LIEUTENANT KEVEN BREEN,
and POLICE OFFICERS JOHN/JANE DOE(S)
#1-10

                Defendants.

------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

On April 25, 2016, plaintiffs in this civil rights action accepted an offer of judgment in

the amount of $5,002 plus reasonable attorney's fees pursuant to Rule 68 of the Federal Rules of

Civil Procedure.  The parties attempted to resolve the fee award without success. Plaintiffs now

request $24,595 in attorney's fees under 42 U.S.C. § 1988.  Defendants oppose plaintiffs' fee

application or, in the alternative, argue that the award should be reduced.  The Honorable Kiyo

A. Matsumoto referred plaintiffs' motion to me for a Report and Recommendation in accordance

with 28 U.S.C. § 636(b).  For the following reasons, it is respectfully recommended that

plaintiffs' request for attorney's fees should be granted, but that the award should be reduced.

## BACKGROUND

Plaintiff Derrick Coley commenced this civil rights action on September 3, 2015 alleging

defendants violated his constitutional rights as a result of his arrest on April 25, 2015.  (Compl.,

ECF No. 1.)  Although plaintiff retained counsel to litigate his case, the Court granted plaintiff *in forma pauperis* status and waived the filing fee. (ECF No. 6.) Plaintiff's counsel was directed to effect service of process upon defendants.  (Id.)  Defendants answered the complaint, (Ans., ECF No. 9), and the Court held an initial pretrial conference on January 13, 2016.   On February 6, 2016, plaintiff filed an amended complaint with defendants' consent.  (Am. Compl., ECF No. 12.)  The amended complaint adds Mr. Coley's mother, Turay Coley, as a plaintiff, names additional officers as defendants, and adds a claim for an illegal search of plaintiffs' property. Defendants answered plaintiffs' amended complaint on March 24, 2016.  (Am. Ans., ECF No. 22.)

Discovery got off to a bumpy start and remained contentious until plaintiffs accepted defendants' offer of judgment on April 25, 2016. Plaintiffs' counsel moved to compel the disclosure of the name and address of the complaining victim in the underlying incident that gave rise to Derrick Coley's arrest. (Pls.' First Mot. to Compel, ECF No. 14).  Defendants opposed the motion. (Defs.' Opp'n, ECF No. 16.)  One of the grounds for defendants' opposition was that plaintiffs' counsel failed to comply with Local Civil Rule 37.3 which requires parties to meet and confer to resolve a discovery dispute.  (Id.)  Nevertheless, the Court granted plaintiffs' motion to compel and directed defendants' counsel to provide the complaining victim's identity for attorney's eyes only by March 9, 2016.  (Order, ECF No. 17.) On March 9, 2016, defendants' counsel moved to compel plaintiffs' counsel to sign an attorney's eyes only stipulation before releasing the complaining victim's identity. (Defs.' Mot. to Compel, ECF No. 18.) Plaintiffs' counsel responded by letter stating that he would execute the stipulation, (Pl.'s Response, ECF No. 19), thereby mooting defendants' motion.  On March 31, 2016, plaintiffs' counsel raised additional discovery concerns to the Court. (Pls.' Second Mot. to Compel, ECF No. 24).

Defendants' counsel vigorously opposed plaintiffs' motion and argued for a second time that

plaintiffs' counsel failed to comply with his obligations to confer in good faith prior to seeking

the Court's assistance with a discovery dispute.  (ECF No. 25).   The Court held a status

conference on April 6, 2016 and plaintiffs' motion was denied except that defendants were

directed to produce unredacted copies of the document previously redacted to protect the

complainant's identity.  On April 7, 2016, plaintiffs moved for reconsideration of the Court's

decision and sought the identities of certain non-party witnesses to the underlying incident.

(ECF No. 26.)  Defendants' counsel responded that plaintiffs' counsel had again failed to meet

and confer as required under the local rules and agreed to produce the non-party witnesses'

names for attorney's eyes only.  (ECF No. 27.)  Defendants' counsel wrote that a phone call to

opposing counsel would have obviated the need for the motion. (Id.) The Court denied plaintiffs'

counsel's request for reconsideration.  At a telephone conference on April 19, 2016, the Court set

the discovery deadlines.

Meanwhile, on April 11, 2016, defendants hand-delivered a Rule 68 offer of judgment to

plaintiffs' counsel in the amount of $5,002 to be allocated to the plaintiffs in the following

manner: $1,501to Derrick Coley and $3,501 to Turay Coley.  (Offer of Judgment, ECF No. 30-1)

In addition to the $5,002 judgment, defendants agreed to pay "reasonable attorneys' fees,

expenses, and costs to the date of this offer for the federal claims of plaintiffs Derrick Coley

AND Turay Coley."  (Id.)   On April 25, 2016, plaintiffs accepted the offer of judgment.  (ECF

No. 29.)

As the parties were unable to settle the amount of attorney's fees, plaintiffs bring the

instant motion for fees.  (Pls.' Mot. for Attorney's Fees, ECF No. 33).  Plaintiffs request $24,595

in fees based on 58.95 hours of work performed in this matter.  Plaintiffs do not seek costs or

other expenses. Plaintiffs supplement their motion with an Affirmation from David A. Zelman,

(Zelman Aff., ECF No. 33-1), an Affirmation of Bryan Konoski, (Konoski Aff., ECF No. 33-3),

and an electronic invoice entitled Statement of Fees, (Statement of Fees, ECF No. 33-4).

Defendants oppose the motion, (Defs.' Memo. in Opp'n ("Defs.' Opp'n"), ECF No. 39; Dec. of

Evan Brustein ("Brustein Dec."), ECF No. 38), and plaintiffs have replied, (Pls.' Reply Aff.,

ECF No. 40).

## DISCUSSION

In a civil rights action under 42 U.S.C. § 1983 "the court, in its discretion, may allow the

prevailing party . . . a reasonable attorney's fees as part of the costs . . . . " 42 U.S.C. § 1988(b).

The Court finds that plaintiffs are the prevailing party in this matter and that they are entitled

attorney's fees. Andrews v. City of N.Y., No. 14 CV 1721 (FB)(CLP), 2015 WL 5773961, at *3

(E.D.N.Y. Sept. 29, 2015) (noting that "[t]here is a presumption that prevailing parties should

recover an attorney's fee unless special circumstances would render such an award unjust."

(citations and internal quotation marks omitted)).  While defendants' counsel argues plaintiffs

should not be awarded fees because defendants had previously offered them a higher amount to

settle this case, (Defs.' Opp'n 9–10), the plain language of the offer of judgment includes a

reasonable fee award.  Steiner v. Lewmar, Inc., 816 F.3d 26, 31 (2d Cir. 2016) ("Rule 68 offers

of judgment and acceptances thereof are contracts to be interpreted according to ordinary

contract principles." (citation omitted)). Plaintiffs' counsel's degree of success on behalf of his

clients will be considered separately by the Court in reviewing the fee application.  Accordingly,

the Court rejects defendants' argument that no fees should be awarded in this matter and

considers whether plaintiffs' request for attorney's fees is presumptively reasonable.

Attorney's fees are awarded to a prevailing party by calculating the "presumptively reasonable fee." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). A "presumptively reasonable fee" is determined by calculating the lodestar or "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (citing Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. Of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Perdue v. Kenny A. ex rel. Winn, 599 U.S. 542 (2010)).  A court must consider that "[t]he presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Simmons, 575 F.3d at 174 (citation omitted).

The burden is on the prevailing party to justify the hourly rate sought and show evidence of the hours spent litigating the matter. Zhiwen Chen v. Cty. of Suffolk, 927 F. Supp. 2d 58, 71 (E.D.N.Y. 2013) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).  To meet this burden, a court will typically review contemporaneous billing records for each attorney who worked on the case which must include the date, the hours expended, and the nature of the work done. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).  Plaintiffs have provided these records here.  (Statement of Fees, ECF No. 33-4.)

## A. Hourly Rate Determinations

Mr. Zelman proposes rates of $500 per hour for himself, $300 per hour for Mr. Tey, and $250 per hour for Mr. Cwibeker.  (Zelman Aff. 10, 17.).  The Second Circuit follows the "forum rule" which "generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277, 290 (2d Cir. 2011) (quoting

Simmons, 575 F.3d at 174). In determining the rate "a paying client would be willing to pay, the district court should consider, among others, the Johnson factors . . . [and] bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. The twelve Johnson  factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974).

Mr. Zelman supports his application for a $500 hourly rate by stating that he is an experienced litigator and that he manages a one to two lawyer firm.  (Zelman Aff. 10.)  He states that he has litigated civil rights actions for over twelve years and that he is admitted to the New York, New Jersey, and Florida bars.[1] (Id.) Mr. Zelman supplements his request with an affirmation from Bryan Konoski, a Manhattan-based criminal and civil rights lawyer, and a partner at the firm Treyvus & Konoski. (Konoski Aff. ¶ 3.)  Mr. Konoski is member of the 18B Panel in the First Department, and has tried over 60 civil and criminal cases and has 50 civil rights cases pending in New York and New Jersey. (Id.) Mr. Konoski states that he is "familiar with the rates commonly charged by attorneys practicing civil rights litigation in all jurisdictions of New York and New Jersey" and that his "usual and customary hour rate for . . . civil rights cases is $450."  (Id. ¶ 4.)  Mr. Konoski notes that he is "likely to increase [his] rate to $500 in the near future."  (Id.) Mr. Zelman submitted a nearly identical affirmation in support of his motion for attorney's fees following a trial in a civil rights action before Judge Amon. See Walker v.

---

[1] Defendants' counsel proffers screen shots of the Florida and New Jersey attorney registries which do not list that Mr. Zelman is eligible to practice law in those states at this time.  (Brustein Dec. Ex. V, ECF No. 38-22.)

6

City of N.Y. No. 11 CV 314 (CBA), 2015 WL 4568305 (E.D.N.Y. July 28, 2015).  Judge Amon

determined that Mr. Konoski "ha[d] significantly more experience than . . . Zelman [and

Konoski's] hourly rate should not be the measure for the hourly rate here."  Id. at *4 (citation

omitted).  This Court agrees.

Mr. Zelman's proposed rate of $500 per hour exceeds the reasonable rate for lawyers

with a similar amount of experience in the Eastern District. Courts in this district have found

"reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior

associates, and $100–$200 for junior associates."  Walker, 2015 WL 4568305, at *3 (quoting

Struthers v. City of New York, No. 12 CV 242 (JG); 2013 WL 5407221, at *7 (E.D.N.Y. Sept.

25, 2013)); see also Andrews, 2015 WL 5773961, at *6 (E.D.N.Y. Sept. 29, 2015)

("[E]xperienced Section 1983 attorneys receive, on average, fees calculated at an hourly rate of

between $300.00 and $400.00."); Anderson v. Cty. of Suffolk, No. 09 CV 1913 (GRB), 2016

WL 1444594, at *5 (E.D.N.Y. Apr. 11, 2016) ("[T]he actual hourly rate that many courts have

awarded partners and solo practitioners in civil rights cases have most often been in the $300 per

hour range.") (citation omitted)). Certainly, the "highest rates in this district are reserved for

expert trial attorneys with extensive experience before the federal bar, who specialize in the

practice of civil rights law and are recognized by their peers as leaders and experts in their

fields." Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012).  Here, as

in Walker, Mr. Zelman has not cited a single case in this district that awarded his requested rate.

Walker, 2015 WL 4568305, at *4 (noting that Zelman did not identify a case where the Court

awarded a rate of $500 per hour for a "garden-variety § 1983 claim").

Mr. Zelman's requested rate of $500 per hour is also greater than the rate he has

previously been awarded in this district. In Walker, Judge Amon found that an hourly rate $350

for Mr. Zelman was reasonable "in view of the risks taken in the case" and his "substantial success achieved on challenging facts" in a case that "was likely viewed as undesirable by other attorneys" as the plaintiff "was extremely intoxicated and had methamphetamines in his system during his altercation with the police." Id. at *5.  Further, in Walker, Mr. Zelman reported that his firm expended more than 800 hours preparing and taking the case to trial. Id. at *12. This case is distinguishable as the facts were not nearly as challenging as those in Walker and counsel's risk in taking the case was not as great. Plaintiffs' counsel's firm expended relatively few hours in this matter before plaintiffs accepted the offer of judgment.  For example, no depositions were taken before plaintiffs accepted the offer of judgment.  Accordingly, Mr. Zelman was not precluded from accepting other employment by litigating this matter. Moreover, the instant litigation was straightforward and did not present a novel or complex issue of law. Based on the circumstances of this litigation, the Court finds that Mr. Zelman is entitled to a slightly lower rate than was awarded in Walker.  I find that $325 per hour is a reasonable rate for Mr. Zelman in this matter.

The requested rates of $300 per hour for Mr. Tey and $250 per hour for Mr. Cwibeker should be reduced. These rates are out of step with hourly rates for associates in this District. Anderson, 2016 WL 1444594, at *5 (awarding $150 per hour for associates with less than five years of experience); Johnson v. City of N.Y., No. 11 CV 6176(ENV)(CLP), 2016 WL 590457, at *5 (E.D.N.Y. Feb. 11, 2016) (noting that hourly rates in the Eastern District for junior associates are typically between $100 and $200 per hour).  Not only are the requested rates for the associates higher than those typically awarded in this district, Mr. Zelman has not provided sufficient detail as to Mr. Tey's and Mr. Cwibeker's experience, reputation, and abilities. Mr. Zelman merely states that Joshua Tey was admitted to practice in 2014 and that Issac Cwibeker

was admitted to the bar in 2016.  (Zelman Aff. 10.)  Although Mr. Zelman states that Mr. Tey

and Mr. Cwibeker are admitted to the bar, presumably in New York, it is unclear whether Mr.

Cwibeker was admitted to the bar when he completed the work in this matter.  The failure to

provide sufficient details of the associates' qualifications to support the request for their hourly

rates provides a separate basis to reduce their requested rates. Sentry Ins. Mut. Co. v. Brand

Management Inc., No. 10 CV 347 (ENV)(RLM), 2013 WL 2644675, at *3 (E.D.N.Y. June 12,

2013) ("[W]here a court lacks relevant background and/or experience information for an

attorney, the court often reduces that attorney's fees on that basis . . . .") (collecting cases))

adopted by 2013 WL 5725987.

Mr. Tey's two years of experience entitles him to $200 per hour as a reasonable hourly

rate.  However, the entries for work completed by Mr. Tey in the Statement of Fees show that in

addition to legal work, he completed administrative tasks, but billed for these tasks at his full

hourly rate.  Accordingly, I recommend that his hourly rate be reduced to $185.  See Lee v.

Santiago, No. 12 Civ. 2558 (PAE)(DF), 2013 WL 4830951, at *4 (S.D.N.Y. Sept. 10, 2013)

("Where an attorney has billed time for performing "administrative tasks," such as copying or

organizing documents or filing documents with the court . . .  or drafting boilerplate procedural

forms such as certificates of service, such time should not be compensated at an attorney-level

billing rate.") (citations omitted)). With less than one year of experience and without

confirmation that Mr. Cwibeker had been admitted to the bar when he completed any work in

this matter, a reasonable rate for Mr. Cwibeker is $100 per hour.

Therefore, the Court recommends the reasonable rate of $325 per hour for Mr. Zelman, $185

per hour for Mr. Tey, and $100 per hour for Mr. Cwibeker.

### B. Compensable Hours

Plaintiffs' counsel states that his firm performed 58.95 hours of work litigating this action. To determine the reasonable number of hours required by the case, a court "'examine[s] the particular hours expended by counsel with a view to the value of the work product and the specific expenditures of the client's case' and if it 'concludes that any expenditure of time was unreasonable, it should exclude these hours from the fee calculation.'" Hines v. City of Albany, 613 F. App'x 52, 54 (2d Cir. 2015) (quoting Luciano v. Olsten Corp., 109 F.3d 111, 116 (2d Cir. 1997)).  If a court finds that claimed hours are "excessive, redundant, or otherwise unnecessary," it should exclude those hours from its lodestar calculation. Hensley v. Eckerhart, 461 U.S. 424, 434 (1984).

The Court concludes that some of plaintiffs' counsel's hours should be excluded because they are contrary to the plain terms of the offer of judgment. Specifically, plaintiffs seek compensation for work completed by their attorneys on Derrick Coley's state law claims as well as work completed after the offer of judgment was served on April 11, 2016.  The plain and unambiguous terms of the offer of judgment provide for "reasonable attorneys' fees, expenses, and costs to the date of this offer for the federal claims of plaintiffs Derrick Coley and Turay Coley."  (Offer of Judgment, ECF No. 30-1.) "Offers of judgment pursuant to [Rule] 68 are construed according to ordinary contract principles."  Penley v. City of N.Y., No. 14 Civ. 1577 (JGK), 2015 WL 5256979, at *1 (S.D.N.Y. Sept. 8, 2015) (quoting Goodheart Clothing Co. v. Laura Goodman Enter., 962. F.2d 268, 272 (2d Cir. 1992)). "[T]he Court must not alter or go beyond the express terms of the parties' agreement." Id. (citation and internal quotations omitted).  Therefore, plaintiffs are not entitled to fees for the 1.5 hours plaintiffs' counsel worked drafting and revising Derick Coley's notice of claim and attending his 50-h hearing.  Similarly,

and with the exception of the fee application, plaintiffs are not entitled to fees for work

performed after April 11, 2016, the date the offer of judgment was hand-delivered.  See Lee,

2013 WL 4830951, at *5 (excluding  fees, apart from reasonable hours performed on the fee

application, for work performed after the offer of judgment was delivered to plaintiff's counsel).

Accordingly, the Court excludes 3.30 hours of work performed between April 11 and April 26,

2016.

       After service of the offer of judgment on April 11, 2016, plaintiffs' counsel prepared the

instant motion for attorney's fees and the reply. Some courts exclude all hours performed on a

fee application based the terms of an offer of judgment which excludes costs after the date the

offer is made. Id. at *5.  Other courts, for equitable reasons, have determined that despite the

terms of an offer of judgment, it is reasonable for attorneys to be compensated for the time they

spend preparing a fee application. Id. at *5, 13; see also Rosado v. City of N.Y., No. 11 Civ.

4285 (SAS), 2012 WL 955510, at *6 (S.D.N.Y. Mar. 15, 2012) ("Nonetheless, as a matter of

equity, plaintiff should be awarded some amount for the time his counsel spent in preparing the

instant fee application. By not settling the attorneys' fees issue, the City was put on notice that

time spent by counsel in seeking fees would become a component of 'reasonable attorney's

fees.'"). The Court finds that plaintiffs should recover a reasonable amount for the time spent

preparing the fee application.  Plaintiffs' counsel's Statement of Fees shows that Mr. Cwibeker,

the most junior member of this team, spent 10.7 hours and Mr. Zelman spent 2 hours on the

instant motion and reply.  This is an excessive amount of time because the instant motion is very

similar to at least one other motion for fees filed by Mr. Zelman's firm.  (Braunstein Dec. Ex. W,

ECF No. 38-23).  The Court therefore recommends plaintiffs should recover for 2 hours of work

by Mr. Cwibeker and 1 hour of work by Mr. Zelman in preparation of this application.

Mr. Zelman seeks compensation for an excessive amount of time reviewing court orders in this litigation.  Of the eligible hours which occurred before the offer of judgment, Mr. Zelman spent 3.9 hours reviewing the docket and court orders. The majority of these orders were less than one paragraph, yet Mr. Zelman billed on average 15 minutes for their review.  Here, the Court finds that 1 hour was reasonable to review Court orders in this matter and 2.9 hours of Mr. Zelman's time is excluded as unreasonable. See Barkley v. United Homes, LLC, No. 04 CV 875 (KAM)(RLM), 2012 WL 3095526, at *11 (E.D.N.Y. July 30, 2012) (reducing hours for *inter alia* excessive time spent on minor tasks).

After deducting the hours discussed above, plaintiffs' counsel clocked a total of 41.55 hours in this matter. Defendants make several additional objections to the hours billed by plaintiffs' counsel. (Defs.' Opp'n 22–28.)  I find a number of defendants' objections well-taken and recommend an across-the-board reduction of ten percent to address plaintiffs' counsel's unnecessary and duplicative work in this matter. Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) ("[T]he court has discretion simply to deduct a reasonable percentage of the number of hours claimed "as a practical means of trimming fat from a fee application.") (quoting  N.Y. State Ass'n for Retarded Children, Inc., 711 F.2d at 1146)).  The Court credits defendants' argument that the discovery motions in this matter could have been avoided had plaintiffs' counsel complied with the local rules which require opposing counsel to meet and confer to resolve discovery disputes before involving the Court.  As such, a portion of the time spent on the discovery motions was unnecessary and should be excluded.  The Statement of Fees also bills for a duplication of work.  For example, Mr. Zelman and Mr. Tey both billed for review of initial disclosures.  Similarly, Mr. Zelman bills for hours reviewing the work of his associates in drafting pleadings, discovery responses, or research.  While it is reasonable for a senior attorney

to review the work of associates, some of these hours were unnecessary. For these reasons, the

Court recommends an across-the-board ten percent reduction of hours.[2]

Thus, the Court finds that plaintiffs' counsel should be compensated for 37.395 litigating

this matter.  Accordingly, the presumptively reasonable fee is $10,318.73.  The following table

shows the recommended adjusted hourly rate and adjusted hours per attorney:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| David Zelman | $325 | 26.64 | $8,658.00 |
| Joshua Tey | $185 | 6.885 | $1,273.73 |
| Issac Cwibeker | $100 | 3.87 | $387.00 |
| | Total | 37.395 | $10,318.73 |

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that plaintiffs should be

awarded a fee, but that it should be reduced to $10,318.73.

---

[2] The Court cannot ignore that defendants' counsel offered plaintiffs a global settlement in the amount of $14,000 on March 11, 2016. (Defs.' Opp'n 10; Braunstein Dec. ¶ 24, Ex. J, ECF No. 38-10.) This global settlement would have resulted in a larger monetary award for plaintiffs.  Of course, acceptance of this offer would have likely resulted in a smaller fee award for plaintiffs' counsel.  Attorneys litigating civil rights cases enforce the constitutional rights of everyday citizens and when they prevail on behalf of their clients, their clients are entitled to fees.  On the other hand, the Court must express its concern that plaintiffs were offered but rejected a settlement that was better for them and now plaintiffs' counsel is getting a greater fee award.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen days from service of this Report to file written

objections.  See also Fed. R. Civ. P. 6.  Such objections shall be filed with the Clerk of the Court.

Any request for an extension of time to file objections must be made within the fourteen-day

period.  Failure to file a timely objection to this Report generally waives any further judicial

review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002);

Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474

U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated:   December 30, 2016
         Brooklyn, New York