```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DERRICK COLEY and TURAY COLEY,

                Plaintiffs,                    **ORDER ADOPTING**
                                               **REPORT AND**
    -against-                                  **RECOMMENDATION**

THE CITY OF NEW YORK, POLICE OFFICER
OMAR GARIB, Shield #3570, DETECTIVE            15-CV-5132(KAM)(LB)
BRIAN ILUND, Shield #113, DETECTIVE
JAMIE ROSADO, Shield #5776, SERGEANT
BRANDON BERSCH, Shield #2946,
LIEUTENANT KEVEN BREEN, and POLICE
OFFICERS JOHN/JANE DOE(S) #1-10,

                Defendants.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Presently before the court is the Report and Recommendation of United States Magistrate Judge Lois Bloom, filed on December 30, 2016. (ECF No. 41, Report and Recommendations re First Motion for Attorneys Fees ("R&R").) The R&R recommends that plaintiffs Derrick and Tulay Coley's ("plaintiffs") motion for attorneys' fees should be granted, but that the award should be reduced from the amount requested. (R&R at 1.) Plaintiffs raise the instant objections to the R&R's recommended reduction in the award of attorneys' fees. (ECF No. 42, Appeal of Magistrate Judge Decision, dated 1/2/2017 ("Pl. Obj.").) Defendants have not objected to the R&R and request that the court adopt the R&R in its entirety. (ECF No.

43, Response to Motion re report and Recommendations ("Def. Resp.") at 1.) The court has undertaken a comprehensive *de novo* review of the R&R and the record in light of plaintiffs' written objections pursuant to 28 U.S.C. § 636(b)(1)(C). For the reasons set forth below, the court adopts the R&R in its entirety.

## **Background**

Plaintiff Derrick Coley commenced the instant action on September 3, 2015, alleging violation of his constitutional rights as a result of his arrest on April 25, 2015. (ECF No. 1, Complaint dated 9/3/2015.) On February 6, 2016, Mr. Coley filed an amended complaint, adding, *inter alia*, his mother Turay Coley as a plaintiff, additional officers as defendants, and an additional claim for illegal search of his property. (ECF No. 12, Amended Complaint dated 2/6/2016.) The court presumes familiarity with the underlying facts and procedural history as set forth in greater detail in the R&R. (*See* R&R at 1-4.)

On April 25, 2016, plaintiffs accepted defendants' offer of judgment dated April 11, 2016 (the "Offer of Judgment"), pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68"), for a total of $5,002 to be allocated in the amounts of $1,501 to Derrick Coley and $3,501 to Turay Coley. (*See* ECF No. 29, Letter re acceptance of Rule 68 Offer

of Judgment; ECF No. 30-1, Rule 68 Offer of Judgment; ECF No. 30-2, Letter accepting Rule 68 Offer of Judgment, dated 4/25/2016.) Under the terms of the Offer of Judgment, defendants agreed to pay "reasonable attorneys' fees, expenses, and costs to the date of this offer for the federal claims of plaintiffs Derrick Coley and Turay Coley." (ECF No. 30-1, Offer of Judgment.)

On May 23, 2016, plaintiffs filed the instant motion for attorneys' fees, requesting $24,595.00 in fees based on a total of 58.95 hours of work performed in this matter by Mr. David Zelman, Esq. and his associates Mr. Joshua Tey, Esq. and Mr. Issac Cwibeker, Esq. (*See* ECF No. 33, First Motion for Attorneys' Fees; ECF No. 33-1, Affirmation in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Pl. Aff.") at 17.) Plaintiffs do not seek costs or other expenses. (*Id.*) Defendants filed their opposition to plaintiffs' motion for attorneys' fees on June 20, 2016 (*See* ECF No. 38, Affidavit/Declaration in Opposition re First Motion for Attorney Fees; ECF No. 39, Memorandum in Support re Affidavit in Opposition to Motion ("Def. Opp.")), and plaintiffs filed a reply on June 21, 2016. (*See* ECF No. 40, Reply in Support of Plaintiffs' Application for Attorneys' Fees.)

3

On October 7, 2016, the court referred the instant motion to Magistrate Judge Lois Bloom for an R&R. (*See* Order Referring Motion, dated 10/7/2016.) On December 30, 2016, Judge Bloom issued an R&R recommending that the court grant plaintiffs' motion for attorneys' fees but reduce the award to $10,318.73 for a total of 37.395 hours of work performed on this matter. (R&R at 13.) The R&R notified the parties that any objections to the R&R must be filed within fourteen days of service of the R&R. (*Id.* at 14.) On January 2, 2017, plaintiffs timely filed objections to the R&R, asserting objections to the reduced award of attorneys' fees, and requesting that this court award the amount originally requested. (ECF No. 42, Pl. Obj.) Defendants responded to plaintiffs' objections on January 17, 2017, requesting that the court affirm the R&R in its entirety. (Def. Resp. at 1.)

## **Discussion**

As discussed below, upon review of the R&R and the instant objections and responses, as well as a comprehensive *de novo* review of the applicable law and the underlying record, including the court docket, the amended complaint, the application for attorneys' fees, and the related declarations and exhibits, the court adopts the R&R in its entirety.

## I. Standards of Review

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where "no or merely perfunctory objections" to the Report and Recommendation have been filed, however, the district court reviews for clear error. *Caires v. Jp Morgan Chase Bank N.A.*, No. 16-cv-2694, 2017 WL 384696, at *1 (S.D.N.Y. January 27, 2017). The district court is permitted "to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *S.E.C. v. Nadel*, No. 11-cv-215, 2016 WL 4718188, at *2 (E.D.N.Y. September 9, 2016) (citations omitted). In light of the objections asserted by plaintiffs, the court reviews the R&R *de novo*.

## II. Plaintiffs' Objections

Plaintiffs request that the court award the requested attorneys' fees in the amount of $24,595 for a total of 58.95 hours worked, plus additional fees for the time spent working on plaintiffs' reply to defendants' opposition to the fee application and on the instant objections to the R&R. (Pl. Obj. at 9-10.)

5

A. **Hourly rates**

Plaintiffs object to the R&R's recommendation that the hourly rates awarded to Mr. Zelman, Mr. Tey and Mr. Cwibeker, be reduced from $500 to $325 for Mr. Zelman, $300 to $185 for Mr. Tey, and $250 to $100 for Mr. Cwibeker. (*See* Pl. Obj. at 6.) In determining a reasonable hourly rate for attorneys at varying qualifications and levels of seniority, the court looks to "the prevailing market rates in the relevant community." *Bennett v. Asset Recovery Solutions, LLC*, No. 14-cv-4433, 2017 WL 432892, at *7 (E.D.N.Y. January 5, 2017) (internal citations and quotation marks omitted), *report and recommendation adopted by* 2017 WL 421920 (E.D.N.Y. January 31, 2017). The "relevant community" is typically regarded as "the district in which the court sits." *Id.* (quoting *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)); *see also Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). Courts in this district typically approve hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals. *Bennett*, 2017 WL 432892, at *7 (listing cases in the Eastern District of New York, where attorneys' fees within the stated ranges were awarded).

In support of their objection to the reduced hourly rates, plaintiffs refer to two prior cases, in which Mr. Zelman was awarded hourly rates greater than $325. However, the court agrees with Judge Bloom's determination that the cases cited do not support the $500 hourly rate requested by plaintiffs for Mr. Zelman and that an hourly rate of $325 is appropriate. First, in both cases cited by plaintiffs, the courts awarded Mr. Zelman an amount lower than the $500 he requested, recognizing that $500 exceeded the hourly rates typically awarded in civil rights cases. *See Thomas v. City of New York*, No. 09-cv-3162, 2016 WL 319982, at *6-7 (S.D.N.Y. January 25, 2016); *Walker v. City of New York*, 11-cv-314, 2015 WL 4568305, at *3-4 (E.D.N.Y. July 28, 2015). In addition, both cases were distinct from the instant case in that they continued for several years through discovery and motions, and ultimately proceeded to trial.[1] In contrast, the instant action settled within one year of filing, after limited paper discovery and without depositions, and before the parties engaged in any dispositive motion practice or proceeded to trial. Thus,

---

[1] The court notes that the *Thomas* case proceeded in the Southern District of New York, and that the rate of $450 awarded to Mr. Zelman is therefore not an appropriate benchmark for consideration in this case. *See Restivo*, 846 F.3d at 590-91 (recognizing that hourly rates in the Southern District of New York are typically higher than those awarded in the Eastern District of New York). The court nonetheless finds that *Thomas* is particularly distinguishable from the instant action as it not only proceeded to trial, but subsequent to the trial's conclusion, the verdict and judgment were vacated on appeal and the case proceeded to a second trial. *See Thomas*, 2016 WL 319982, at *1-2.

after considering the limited work involved and straightforward legal and factual issues in the instant case, as well as Mr. Zelman's qualifications and the hourly rates typically awarded in civil rights cases, the court adopts Judge Bloom's award of $325 per hour for Mr. Zelman.

The court also adopts the hourly rates awarded by Judge Bloom in the amounts of $185 for Mr. Tey and $100 for Mr. Cwibeker. The hourly rates requested by plaintiffs, in the amounts of $300 for Mr. Tey and $250 for Mr. Cwibeker, are significantly higher than those typically awarded to associates at their level in this district. *See, e.g., Bennett*, 2017 WL 432892, at *7; *see also Tr. of Empire State Carpenters Annuity v. Bayview Custom Constr. Corp.*, No 15-cv-6574, 2016 WL 6892147, at *4 (E.D.N.Y. November 22, 2016) ("Courts in this district consistently determine that an hourly rate of $200 to $325 is a reasonable hourly rate for senior associates while $100 to $200 is a reasonable hourly rate for more junior associates.") (citations omitted). In addition, plaintiffs have provided minimal information regarding Mr. Tey and Mr. Cwibeker's experience and qualifications.

The court, therefore, finds that it is reasonable to consider Mr. Tey, who was admitted to practice in 2014, and Mr. Cwibeker, who was admitted to practice in 2016, to be junior

8

associates at the lower end of the range of reasonable hourly rates.  Finally, the court agrees with Judge Bloom's finding that the bills provided by plaintiffs reflect that both associates performed administrative, rather than legal, tasks as part of their work.  The court therefore finds that an hourly rate of $185 for Mr. Tey, who was a second year associate at the time of this action, and $100 for Mr. Cwibeker, who was not yet admitted when this action commenced and became newly admitted in 2016, were reasonable.

B. **Reduction in hours worked**

Plaintiffs further object to the R&R's recommendation to exclude the hours their attorneys spent drafting the notice of claim and attending the 50h hearing.  (*See* Pl. Obj. at 8-9.)  The court agrees with Judge Bloom's finding that work related to state law claims should not be included in attorneys' fees under the terms of the Offer of Judgment, which explicitly limits recovery of attorneys' fees to the "*federal* claims of plaintiffs Derrick Coley and Turay Coley."  (ECF No. 30-1, Offer of Judgment) (emphasis added).  Plaintiffs do not dispute that the Offer of Judgment was limited by its terms to the federal claims, and that the notice of claim and 50h hearing related to state law claims.  However, plaintiffs argue that work related to the state law claims should nonetheless be included as "integral to the

9

litigation." (Pl. Obj. at 8-9.) The court disagrees with plaintiffs' contention and notes that in *Tucker*, cited by plaintiffs, the district court did not adopt the Magistrate Judge's recommendation to include state law claims in awarding attorneys' fees because, as in the instant case, the offer of judgment "explicitly encompassed attorneys' fees and costs related only to 'plaintiff's federal claims.'" *Tucker v. City of New York*, 704 F. Supp. 2d 347, 349-50 (S.D.N.Y. 2010) ("Given the plain language of the agreement and the clear intent of the parties [...] the Court modifies the recommendation of the Report to exclude from the award the portion of legal fees attributable to [plaintiff]'s state law claims."). The court further noted, as the court notes here, that offers of judgment are construed "as a matter of ordinary contract law principles." *Id.* at 350.

Here, the Offer of Judgment explicitly limited recovery to plaintiffs' federal claims, and plaintiffs have offered no evidence of a contrary intent by the parties – indeed, defendants oppose plaintiffs' request in their oppositions to the fee application and the instant objections. (*See* Def. Opp. at 23, 28; Def. Resp. at 10.) The court, therefore, finds that attorneys' fees will not be awarded for work related to state law claims. The court further notes that plaintiffs have not objected to Judge Bloom's recommendation to exclude the 3.3 hours of work performed

10

after April 11, 2016, the date of the Offer of Judgment, and upholds the exclusion of this work under the plain terms of the Offer of Judgment.

In addition, plaintiffs object to Judge Bloom's recommendation that the time spent reviewing court orders be reduced from 3.9 hours to one hour. (Pl. Obj. at 7.) Plaintiffs assert in support of their objection that there were "numerous" orders which required review and additional time spent "calendaring" deadlines. (*Id.*) However, upon review of the docket, the court finds that the orders were few in number and brief in length, and should each have required significantly less time to review than plaintiffs described in their billing records. In addition, the court finds that administrative tasks such as "calendaring" deadlines do not constitute legal work in calculating attorneys' fees. *See, e.g., Nicaisse v. Stephens and Michaels Associates, Inc.*, No. 14-cv-1570, 2016 WL 4367222, at *8 (E.D.N.Y. June 9, 2016) (characterizing tasks related to calendaring as "clerical or more suitable for a paralegal or administrative professional, rather than an attorney" and reducing hours accordingly), *report and recommendation adopted by* 2016 WL 4275687 (E.D.N.Y. August 12, 2016). Accordingly, the court affirms Judge Bloom's reduction of the hours spent reviewing the docket.

11

Finally, plaintiffs object to the recommended reduction of the two hours Mr. Zelman claimed for reviewing the instant fee application to one hour, and further assert that the R&R did not address the time spent reviewing defendants' opposition and drafting plaintiffs' reply, which plaintiffs contend amounted to an additional two hours. (Pl. Obj. at 6-7.) Plaintiffs have not objected to the reduction of time spent by Mr. Cwibeker in drafting the instant fee application from 10.7 hours to two hours, and the court adopts this reduction. Upon review of the instant motion, defendants' opposition, and plaintiffs' reply, which is under five pages and largely narrative in nature, the court adopts Judge Bloom's determination that one hour for Mr. Zelman was reasonable. In addition, the court considers the fees awarded by Judge Bloom for plaintiffs' fee application to be inclusive of the instant objections and finds that no further fees are warranted.

C. **Across-the-board reduction**

Plaintiffs object generally to Judge Bloom's discussion of their failure to confer with defense counsel prior to discovery motion practice, as required by Local Rule 37.3. (Pl. Obj. at 3.) Upon review of the R&R and the underlying record, the court finds that Judge Bloom appropriately considered this factor and determined, in her discretion, that a portion of the time spent on the discovery motions was unnecessary in light plaintiffs'

12

counsel's failure to confer with defendants. *See Hines v. City of Albany*, 613 F. App'x 52, 54 (2d Cir. 2015) ("When reviewing a fee application, a district court should 'examine[ ] the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case,' and if it 'concludes that any expenditure of time was unreasonable, it should exclude these hours' from the fee calculation.") (quoting *Luciano* 109 F.3d at 116); *see also Andrews v. City of New York*, 118 F. Supp. 3d 630, 638 (S.D.N.Y. 2015) ("The court is obligated to exclude hours that are 'excessive, redundant, or otherwise unnecessary.'") (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

The court agrees with Judge Bloom's finding that had plaintiffs properly conferred with defendants regarding the discovery issues, at least some of the motion practice and related work would have been unnecessary and that a reduction in hours is therefore reasonable. In addition, the court notes, as Judge Bloom did, that plaintiffs rejected a global settlement offer for nearly three times the amount obtained through the Offer of Judgment. (R&R at 13, n.2.) In light of the foregoing considerations, the court finds that an additional across-the-board reduction of 10% was an appropriate exercise of Judge Bloom's discretion based on her supervision of this action, to

account for work that Judge Bloom determined was duplicative and/or unnecessary, but which was less specifically quantifiable.

## **Conclusion**

For the foregoing reasons, and upon *de novo* review, the court affirms and adopts Judge Bloom's well-reasoned R&R in its entirety, and awards plaintiffs attorneys' fees in the amount of $10,318.73 for 37.395 hours worked on the instant matter.

**SO ORDERED.**

Dated:   March 28, 2017
         Brooklyn, New York

_____/s/_____
Hon. Kiyo A. Matsumoto
United States District Judge
